FOLLERT v. ERIKSON et al.

(Supreme Court. Trial Term, Kings County. January 25, 1913.)

APPEAL AND ERROR (§ 559*)—JUDGMENT ON APPEAL—REVERSAL—RECORD.

Where a complaint is dismissed at the end of plaintiff's testimony, the Appellate Division can, on reversing the case, under Code Civ. Proc. § 1317, as amended by Laws 1912, c. 380, only grant a new trial, so that respondent's exceptions are no part of the case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2483–2489; Dec. Dig. § 559.*]

Action by Anton Follert, as administrator, against John Erikson and another. On application by plaintiff for the settlement of a proposed case on appeal. Denied.

S. C. Sugarman, of New York City, for plaintiff.

Archibald R. Watson, Corp. Counsel, of New York City, for defendant City of New York.

BENEDICT, J. This is an application by plaintiff for the settlement of a proposed case on appeal. The respondent the city of New York seeks by proposed amendments to have its exceptions incorporated in the record, on the ground that under section 1317 of the Code of Civil Procedure, as amended by chapter 380 of the Laws of 1912, the Appellate Division, on reversing a judgment, is authorized to award final judgment, instead of directing a new trial.

In this case, however, the plaintiff is appealing from a judgment dismissing the complaint at the close of plaintiff's evidence. If the Appellate Division should determine that the dismissal was erroneous, it could not award final judgment in favor of plaintiff, because it would only have plaintiff's evidence before it, and it would obviously be improper in a contested case to grant final judgment in favor of a party on his evidence alone. On reversing a judgment of nonsuit, the Appellate Division cannot, therefore, do otherwise than order a new trial. Hence there is no reason for incumbering the record in such a case with the respondent's exceptions.

The proposed amendments numbered 2, 3, 4, and 5 are accordingly disallowed.